Arnold **MILLER** et al., Appellants,

v.

**UNITED STATES** of America Appellee.

No. 71–1370.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 7, 1971.

Decided Dec. 15, 1971.

---

**834**

John L. Boettner, Jr., Charleston, W. Va. (Ray E. Ratliff, Jr., Charleston, W. Va., on brief), for appellants.

Wayne A. Rick, Jr., Asst. U. S. Atty. (M. Warren Upton, U. S. Atty., on brief), for appellee.

Before WINTER and BUTZNER, Circuit Judges, and DUPREE, District Judge.

WINTER, Circuit Judge:

Claimants, along with others, reported to the U. S. Army Corps of Engineers, Huntington, West Virginia District, that The Chesapeake and Ohio Railway Company illegally discharged, or permitted to seep, into the Kanawha River quantities of diesel fuel and other wastes. Subsequently, the railroad was prosecuted and on its plea of nolo contendere fined $500.00. At the trial, in the absence of claimants, the district court ruled that no part of the fine should be awarded to them. Claimants' motion to receive additional evidence to support their claim was later granted; but their motion to reconsider their claim was summarily denied; and they have appealed.

While we do not decide that claimants are presently entitled to a share of the fine, we think that the guarantee of procedural due process requires that they be given the opportunity to litigate it. We reverse and remand for further proceedings.

I

The principal oil spill occurred March 16, 1970, and some seepage continued thereafter. Claimants reported the facts to the Corps of Engineers on March 26. There was evidence that the spill was reported by the Coast Guard on the day that it happened. This evidence was adduced at the railroad's trial, at which claimants were not present.

The Corps of Engineers investigated the railroad's Handley yard, where the discharge and seepage reportedly occurred, on March 27, 1970, and again on April 7, 1970. Samples of the discharge and seepage were obtained by the Army Corps and submitted to the Federal Water Quality Administration for analysis. On December 7, 1970, the railroad was charged in a criminal information with

violation of the Refuse Act of 1899, 33 U.S.C.A. §§ 407 and 411.[1]

At arraignment, the railroad pleaded nolo contendere and, upon its plea, was fined $500.00. Although claimants were not present (not having been notified of the trial) and the evidence was not particularly pertinent to the issue before the court, testimony was taken with respect to the extent, if any, that the prosecution was begun or aided by claimants' report.[2] Both the United States Attorney and counsel for the railroad objected to the recovery of any portion of the fine by claimants, and the district court ruled that no part of the fine should be paid to any individual or organization.

The next day, claimants moved for reconsideration of the order and asked for a hearing with regard to their entitlement to a portion of the fine. They alleged the fact of their complaint, the steps taken after it and their willingness to assist in its investigation and the prosecution. Letters from the Corps of Engineers were attached to the motion, and later another motion to permit the filing of a copy of their original complaint to the Corps of Engineers (not earlier available) was filed.[3] Again without hearing them, the district court permitted the proffered documentary evidence to be made part of the record but denied their motion for reconsideration.

## II

Claimants' claim of right stems initially from the penalty section of the Refuse Act of 1899, 33 U.S.C.A. § 411, which reads:

> Every person and every corporation that shall violate . . . the provisions of section[s] 407 . . . shall be guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not exceeding $2,500 nor less than $500, or by imprisonment (in the case of a natural person) for not less than thirty days nor more than one year, or by both such fine and imprisonment, *in the discretion of the court*, one-half of said fine to be paid to the person or persons giving information which shall lead to conviction. (emphasis added)

The government, relying upon a dictum in United States v. Transit Mix, F.Supp. (S.D.N.Y.1970), argues that the phrase "in the discretion of the court" is applicable to the subsequent provision with regard to the payment of one-half of any fine to those who gave information which led to a conviction. Indeed, the government argues that that is its sole purpose. From this premise it is argued that the judgment denying reward should be affirmed since the district court did not abuse its discretion.

■ We disagree. We cannot read the sole purpose of the crucial phrase to be to grant discretion whether to reward a qualified informer where that phrase follows the provisions for the alternate penalties of a fine or imprisonment or both. Rather, we think that where the statute provides a choice of imprisonment (in the case of a natural person)

---

1. Briefly stated, § 407 makes unlawful the discharge of refuse matter, other than that flowing from streets and sewers in a liquid state, into any navigable waters of the United States. Section 411, which will be set forth in the text, *infra*, prescribes penalties for violations of § 407 and other sections and provides for payment of an informer's fee.

2. Before the questioning began, the United States Attorney advised the court that he assumed that Appalachian Research and Development Fund, of which claim-ants are members, would make an attempt to recover a portion of any fine which might be imposed. The district court was further advised that it had discretionary authority to make any award.

3. In an appendix to their brief in this court, claimants have printed further correspondence which they argue supports their claim. The documents are not part of the record, were not considered by the district court, and will not be considered by us.

or a fine, or both, and the range within which the amount of the fine or length of imprisonment, or both, may be fixed, the phrase "in the discretion of the court" applies only to the fashioning of the penalty and not to the disposition of the fine if, in a given case, the fine is imposed. If a fine is imposed, alone or in conjunction with incarceration, the sentencing court may be presented with the factual question of whether a person or persons gave information leading to conviction, but once that factual question is decided what the court must do thereafter is not a discretionary matter. If the question is answered in the negative, the entire fine is paid to the government. But if it is answered in the affirmative, one-half of the fine is to be paid to the person or persons giving information which leads to conviction.

■■ Since claimants had a claim of right under the statute, the due process clause of the Fifth Amendment guaranteed procedural, as well as substantive, due process in its assertion. Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); Caulder v. Durham Housing Authority, 433 F.2d 998 (4 Cir. 1970), cert. den., 401 U.S. 1003, 91 S.Ct. 1228, 28 L.Ed.2d 539 (1971). Thus, claimants had a right to notice that their claim was being adjudicated, the right to confront and to cross-examine adverse witnesses, the right to participate in the proceedings by counsel and to adduce relevant, admissible evidence in their own behalf, and the right to a decision based upon evidence adduced at such a hearing. The statute is deficient in that neither it nor any court rule provides a specific time and manner in which one, claiming an informer's award, should assert his claim. But in the instant case, claimants' claim of right was raised by the United States Attorney at the arraignment, and, in any event, it was raised by claimants' petition for reconsideration and request for a hearing. The record is clear that, once raised, claimants' claim of right

was not decided with due regard to procedural due process. Therefore, the order denying their claim cannot stand. It must be reversed and the cause remanded for redetermination at a hearing at which their rights are respected.

Reversed and remanded.